UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PIERROT JEANMARIE,

                          *Plaintiff*,

-against-

SGT. SCOTT HAHN, *et al.*,

                          *Defendants*.

**STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)**

15-CV-01415

DNH/CFH

     IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, Plaintiff Pierrot Jeanmarie, and the attorneys for defendants, the parties to the above-entitled action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

     1.     Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff hereby discontinues this action with prejudice and without damages, costs, interest or attorneys fees, under the conditions described in Paragraph 5 of this agreement, as against defendants Scott Hahn and Michael Piserchia, as the "Settling Defendants," and discharges and releases the Settling Defendants, and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue

in any court, arbitration or administrative proceeding, any litigation, appeal or claim against the Settling Defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

2. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

3. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for or an agreement by the parties to any generally applicable policy or procedure in the future.

4. Following the execution of this Stipulation, and its being ordered by the Court, Plaintiff shall be paid the sum of Three Hundred Fifty Dollars ($350.00) in full settlement of any and all claims, which amount includes all sums to which Plaintiff is entitled, including but not limited to damages, costs, and attorney's fees. Plaintiff's check will be mailed to him at 115-124 Springfield Blvd., Cambria Heights, Queens, New York, 11411, which is the mailing address Plaintiff has provided to the Court for service of papers in this action.

5. Payment of the amount specified in paragraph 5 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law and upon Plaintiff's signing and returning a "Standard Voucher" which will be mailed to him by agents of the defendants responsible for the

administrative processing of the settlement paperwork.

6. Payment of the amount referenced in paragraph 5 will be made within one hundred and twenty (120) days after the (1) approval of this Stipulation by the Court, (2) receipt by counsel of a copy of the so-ordered stipulation **and** (3) receipt by counsel of the Standard Voucher referenced in paragraph 5 above ("the pre-requisites"), unless the provisions of Chapter 62 of the Laws of 2001 apply to the Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

7. In the event that the terms of paragraph 5 are satisfied, but payment is not made within the periods set forth in paragraph 6, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after the satisfaction of the pre-requisites, or the 151st day after the satisfaction of the pre-requisites if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

8. This stipulation shall be null and void if (1) the approvals referred to in paragraph 6 are not obtained, (2) the plaintiff fails to return an executed stipulation of discontinuance within the time frame set by the court or (3) the plaintiff fails to return the Standard Voucher, and these actions shall then be placed back on the active docket without prejudice.

9. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months.

10. The foregoing constitutes the entire agreement of the parties.

Dated: Queens, New York
       November 19, 2018

_____
PIERROT JEANMARIE
Plaintiff

Dated: Albany, New York
       November 23, 2018

BARBARA D. UNDERWOOD
Attorney General of the State of New York
Attorney for Defendants
The Capitol, Albany, New York 12224-0341

By: S/ Shannan Krasnokutski
SHANNAN C. KRASNOKUTSKI
Assistant Attorney General, of Counsel
Telephone: (518) 776-2606
Email: Shannan.Krasnokutski@ag.ny.gov

IT IS SO ORDERED:

_____
       David N. Hurd
United States District Judge

Dated:    November 26, 2018
          Utica, NY